JOHN B. AUBUCHON, Respondent, v. HENRY POHLMAN, Appellant.

### February 28, 1876.

It was agreed that A's jack should be let to B's mare, and that, if a mule colt should result, B was to pay A $10; otherwise, nothing. *Held*, that this was no warranty of a mule colt; and that, upon failure of such result, without fault on the part of A, B had no right of action.

APPEAL from St. Louis Circuit Court.
*Reversed and dismissed.*
*Melville Smith*, for appellant.
*J. M. Loring*, for respondent.

LEWIS, J., delivered the opinion of the court.

Suit was commenced before a justice of the peace, where the plaintiff filed a statement alleging that, in consideration of the sum of $10, to be paid by plaintiff to defendant, the latter agreed to let his jack have access to plaintiff's mare,

and promised that a mule colt should be the result. That plaintiff thereupon placed his mare in the care of defendant,. who afterwards returned her, saying she was " all right." That in due course of time the mare " foaled a horse colt, instead of a mule, as defendant had agreed." That plaint-- iff had already one mule colt, and wanted a matched pair. That the horse was of no use to him, and, by reason of defendant's violation of his promise aforesaid, " he, the plaintiff, has lost his said match," together with the mare's. labor, etc., whereby he is damaged in the sum of $200. Plaintiff got a verdict and judgment for the sum claimed, whereupon defendant appealed to the Circuit Court, where a jury found for plaintiff the sum of $1.

Difficult as the courts below must have found it to dis- cover a cause of action, with the plaintiff's statement before them, it was, doubtless, made more so by his testimony. Two juries declare that some right of the plaintiff had been violated, but in this record we fail to find out what it was. The plaintiff testified that he was to pay the defendant $10 " to insure ;" but proceeded to neutralize the effect of this. by explaining that he was to pay that sum at the out-come, if a mule should be the result ; otherwise, nothing. It does. not appear that there was any warranty, that any payment. was ever made, or even tendered, by plaintiff, or that he even bound himself to pay, except in an event which did not. afterwards occur. There was simply an understanding that the service to be rendered by defendant should be gratuitous if it failed of a certain effect. It was neither alleged nor proved that, by any fault of defendant, the course of nature. was perverted or the plaintiff's hopes deceived. The only testimony tending that way was to the effect that the jack, upon being introduced to the mare, refused to perform the expected service. When the ultimate result brought disap-- pointment to the plaintiff, and he thereupon paid nothing to defendant, the contract, as described by himself, was. simply fulfilled on both sides : " No mule, no pay." There:

remained nothing to be sued for by either party. No testimony was offered of any loss to plaintiff of the mare's labor.

Defendant tendered to the court below seven elaborate instructions, all of which were refused. The refusal of one of them being found sufficient to demand a reversal, we need not discuss the merits of the others. That one declared that, " upon the evidence, the plaintiff cannot recover in this action." It contained the whole law of the case, and should have been given. For this error the judgment is reversed and the suit is here dismissed. The other judges concur.